IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

WALTER JUNIOR HOSKINS, III,

Petitioner,

vs.

CORNELL SMITH, Warden of Fort
Dodge Correctional Facility of Iowa's
Department of Corrections,

Respondent.

No. C07-2018

REPORT AND RECOMMENDATION

---

## TABLE OF CONTENTS

I.    INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . 2

III.  PROCEDURAL BACKGROUND. . . . . . . . . . . . . . . . 4
      A.   Pre-Trial and Trial Matters. . . . . . . . . . . . . . . . . . . . 4
      B.   Direct Appeal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
      C.   Petition for a Writ of Habeas Corpus. . . . . . . . . . . . . . . 6

IV.   STANDARDS OF REVIEW. . . . . . . . . . . . . . . . . . . . . 6
      A.   Standard of Review under 28 U.S.C. § 2254(d)(1). . . . . . . . . 7
      B.   Standard of Review under 28 U.S.C. § 2254(d)(2). . . . . . . . . 9
      C.   Exhaustion Requirement. . . . . . . . . . . . . . . . . . . . . 10

V.    DISCUSSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
      A.   Motion for Evidentiary Hearing and to Expand Record. . . . . . . 13
      B.   Fourth Amendment--Illegal Search. . . . . . . . . . . . . . . . 15
           1.   Stone v. Powell. . . . . . . . . . . . . . . . . . . . . . . 15
           2.   The Merits. . . . . . . . . . . . . . . . . . . . . . . . . . 18
      C.   Ineffective Assistance of Counsel. . . . . . . . . . . . . . . . 20
           1.   Identity of the Confidential Informant. . . . . . . . . . . . 21

  2.  *Judgment of Acquittal*. . . . . . . . . . . . . . . . . . . . . . . . 23

**VI.** **CERTIFICATE OF APPEALABILITY**. . . . . . . . . . . . . . . . . . . . 24

**VII.** **CONCLUSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

**VIII.** **RECOMMENDATION**. . . . . . . . . . . . . . . . . . . . . . . . . . . 26

## I. INTRODUCTION

On March 29, 2007, Petitioner Walter Hoskins, III ("Hoskins"), filed a Petition for a writ of habeas corpus (docket number 2) pursuant to 28 U.S.C. § 2254. In his petition, Hoskins challenges the legality of his conviction in State court for two counts of possession of a controlled substance with intent to deliver. On August 6, 2007, Hoskins filed a Motion for Evidentiary Hearing and to Expand Record (docket number 17). In his motion, Hoskins seeks an evidentiary hearing to question his trial counsel regarding trial counsel's reasons for not seeking disclosure of a confidential witness. Hoskins also seeks expansion of the record for the Court to interview, *in camera*, Waterloo Police Officers Mark Meyer, Mike Rasmussen, and Greg Erie regarding their previous contacts with the confidential informant.

On August 8, 2007, Chief Judge Linda R. Reade referred this matter to the undersigned Magistrate Judge for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). This matter is before the Court on Hoskins' brief regarding his petition for a writ of habeas corpus (docket number 16), Respondent's brief (docket number 21), Hoskins' brief regarding his motion for evidentiary hearing and to expand record (docket number 17), Respondent's resistance (docket number 19) and Hoskins' reply (docket number 20).

## II. FACTUAL BACKGROUND

On September 5, 2003, in the early morning hours, a confidential informant ("CI") visited the Waterloo, Iowa police station and provided patrol sergeant Mark Meyer

2

("Meyer") with information regarding the sale of crack cocaine. Specifically, the CI reported that Hoskins was at a Waterloo bar with crack cocaine on his person for sale. The CI further reported that he or she had seen Hoskins with the drugs. Meyer did not know, however, whether Hoskins was making a sale or simply displayed the drugs in plain view of the CI. The CI also described the vehicle Hoskins was driving and informed Meyer that it was parked in front of the bar.

Within twenty to thirty minutes of receiving the information from the CI, Meyer dispatched other police officers to the bar. The officers returned to the police station and corroborated the CI's information that Hoskins' car was parked in front of the bar. After reporting to Meyer, one of the police officers, Greg Erie ("Erie"), went to a parking ramp which overlooked the bar. When he arrived at the parking ramp, Erie observed Hoskins' vehicle leaving the bar. Erie immediately notified other police officers as to the direction Hoskins was headed.

Police Officer Michael Rasmussen ("Rasmussen") stopped Hoskins' vehicle after Hoskins ran a red light. Rasmussen informed Hoskins that he was stopped for running the red light. Rodney Dejaun Berry ("Berry") was in the front passenger seat when the vehicle was stopped. Rasmussen asked Hoskins for his license, registration, and proof of insurance. Upon receiving Hoskins' documentation, Rasmussen returned to his police car and called the dispatcher to request backup and a canine unit.

Rasmussen then returned to Hoskins' vehicle and asked Hoskins and Berry to step out. At this time, backup police officers arrived at the stop. Hoskins consented to a search of his person and no contraband was found. Rasmussen also searched Berry and found no contraband on his person. Rasmussen then asked Hoskins for his consent to search the vehicle. Hoskins did not give Rasmussen consent to search his car. Rasmussen then informed Hoskins that he had requested a canine unit to sniff the vehicle for drugs. Rasmussen told Hoskins that if the dog indicated that there were drugs in the vehicle, then he would search it. After a short period of time, Rasmussen was notified that the canine

3

unit was being used at another stop and would not be available. At this point, Meyer told Rasmussen that he and the other officers had probable cause to search the vehicle.

Rasmussen searched Hoskins' vehicle and discovered a white towel beneath the driver's seat, which contained two plastic bags, one containing nine smaller bags of crack cocaine (0.96 grams) and the other containing ten smaller bags of powder cocaine (3.18 grams). The entire vehicle was searched, but nothing else was found. Hoskins was arrested and taken to the police station. Hoskins received his *Miranda* warnings and told Meyer he wanted to be charged with simple possession. Hoskins acknowledged that the crack cocaine and powder cocaine found in his car belonged to him, but he denied using cocaine. Hoskins also told Meyer that there was not anything going on that he did not know about the drug trade. Other facts that are significant for making a determination on Hoskins' petition for a writ of habeas corpus will be discussed, as necessary, in the Court's consideration of the legal issues presented.

### III. PROCEDURAL BACKGROUND

#### A. Pre-Trial and Trial Matters

On October 17, 2003, Hoskins was charged by trial information in the Iowa District Court for Black Hawk County with possession of cocaine base in violation of Iowa Code section 124.401(5). On April 12, 2004, Hoskins filed a motion to suppress challenging the legality of the stop and search of his vehicle. Hoskins claimed the police (1) stopped his vehicle without reasonable suspicion of criminal activity afoot, (2) did not have a warrant to search the vehicle, and (3) did not have probable cause to search the vehicle. On June 2, 2004, a hearing was held on Hoskins' motion to suppress. On June 22, 2004, the Iowa District Court for Black Hawk County denied Hoskins' motion to suppress. The District Court concluded that probable cause existed to search the vehicle based on the experience of the police officer who authorized the search and a tip from a reliable informant.

4

On August 24, 2004, the date of Hoskins' trial, the trial information was amended to charge Hoskins with possession of cocaine base with the intent to deliver in violation of Iowa Code section 124.401(1)(c), and being a second offender and habitual offender under Iowa Code sections 124.411, 902.8, and 902.9; and possession of salt of cocaine with the intent to deliver in violation of Iowa Code section 124.401(1)(c), and being a second offender and habitual offender under Iowa Code sections 124.411, 902.8, and 902.9.[1] On August 24, 2004, Hoskins proceeded to trial. On August 30, 2004, the jury found Hoskins guilty of possession of cocaine base with intent to deliver and possession of salt of cocaine with intent to deliver. On August 31, 2004, the Iowa District Court for Black Hawk County held a hearing to determine whether Hoskins was a second drug offender and an habitual offender. Those issues were tried to the District Court on the minutes of testimony. In an Order dated September 7, 2004, the District Court found that Hoskins was subject to punishment as a second offender and as an habitual offender. On October 18, 2004, the Iowa District Court for Black Hawk County sentenced Hoskins to indeterminate prison terms not to exceed 30 years on each conviction, with the sentences to run concurrently.

### B. Direct Appeal

On October 18, 2004, Hoskins filed a notice of appeal. On appeal, Hoskins argued that: (1) the Iowa District Court for Black Hawk County erred in overruling his motion to suppress; (2) his trial counsel provided ineffective assistance of counsel by failing to move for disclosure of the confidential informant; and (3) his trial counsel provided ineffective assistance by failing to raise a sufficiency of the evidence claim in his motion for judgment of acquittal. On August 31, 2005, the Iowa Court of Appeals reversed the Iowa District Court's ruling on Hoskins' motion to suppress. *State v. Hoskins*, No. 04-1698, 2005 WL 2086007 (Iowa Ct. App. 2005).

---

[1] The trial information was not filed with the Clerk of the Black Hawk County District Court until August 31, 2004.

Case 6:07-cv-02018-LRR   Document 23   Filed 10/30/07   Page 5 of 26

The State of Iowa filed an application for further review of the decision of the Iowa Court of Appeals. On March 31, 2006, the Iowa Supreme Court vacated the decision of the Iowa Court of Appeals and affirmed the judgment of the Iowa District Court for Black Hawk County. *State v. Hoskins*, 711 N.W.2d 720 (Iowa 2006). Procedendo issued on April 25, 2006.

### C. Petition for a Writ of Habeas Corpus

On March 29, 2007, Hoskins filed the instant petition for a writ of habeas corpus. In his petition, Hoskins asserts the following grounds for relief: (1) a violation of the Fourth Amendment occurred because the Waterloo Police searched his vehicle without probable cause or his consent; (2) a violation of the Sixth and Fourteenth Amendments occurred because trial counsel provided ineffective assistance when he failed to seek disclosure of the confidential informant who reported Hoskins' possession of drugs to the Waterloo Police; and (3) a violation of the Sixth and Fourteenth Amendments occurred because trial counsel provided ineffective assistance when he failed to adequately move for judgment of acquittal. On May 31, 2007, Respondent filed an answer to Hoskins' application for a writ of habeas corpus. On June 8, 2007, Respondent filed relevant state court documents. On August 6, 2007, Hoskins filed a brief on the merits and a motion for evidentiary hearing and to expand the record. On August 20, 2007, Respondent filed a resistance to Hoskins' motion. On August 23, 2007, Hoskins filed a reply to Respondent's resistance. On September 6, 2007, Respondent filed his responsive brief.

### IV. STANDARDS OF REVIEW

"A state prisoner may seek a writ of habeas corpus in federal court if his [or her] confinement violates the federal Constitution or federal law." *Weaver v. Bowersox*, 241 F.3d 1024, 1029 (8th Cir. 2001) (citing 28 U.S.C. § 2254(a)). "Federal courts are 'bound by the AEDPA[2] to exercise only limited and deferential review of underlying state court decisions' in habeas corpus cases." *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004)

---

[2] AEDPA is an acronym for the Antiterrorism and Effective Death Penalty Act.

(quoting *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004)); *see also* 28 U.S.C. § 2254.[3] Federal habeas corpus relief may only be granted if one or both of two conditions is satisfied. *Ryan*, 387 F.3d at 790. These two conditions are set forth in 28 U.S.C. § 2254(d); which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Thus, "[28 U.S.C. §] 2254(d) distinguishes between two types of erroneous decisions—those of law and those of fact—and treats each in separate subparagraphs." *Weaver*, 241 F.3d at 1029. Claims of legal error are governed by the first subparagraph, and claims of factual error fall within the second subparagraph. *Id.* at 1029-30.

### A. *Standard of Review under 28 U.S.C. § 2254(d)(1)*

"A federal court may grant a state habeas petitioner relief for a claim that was adjudicated on the merits in state court only if that adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal

---

[3] AEDPA amended the federal habeas corpus statute, 28 U.S.C. § 2254, in 1996. *See Williams v. Taylor*, 529 U.S. 362, 399, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). The amendment "placed a new restriction on the power of federal courts to grant writs of habeas corpus to state prisoners." *Id.*; *see also Bell v. Cone*, 535 U.S. 685, 693, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) ("The [AEDPA] of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law.").

law, as determined by the Supreme Court of the United States.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16, 124 S. Ct. 7, 157 L. Ed. 2d 263 (2003) (per curiam) (quoting 28 U.S.C. § 2254(d)(1)); *accord Jeremiah v. Kemna*, 370 F.3d 806, 809 (8th Cir. 2004). The Supreme Court's opinion in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000), explains the meaning of those statutory concepts and the degree of deference that must be afforded to state court determinations on the merits. *See Bucklew v. Luebbers*, 436 F.3d 1010, 1015-16 (8th Cir. 2006); *Siers v. Weber*, 259 F.3d 969, 972-73 (8th Cir. 2001).

Under *Williams*, a state court decision can be "contrary to" Supreme Court precedent in one of two ways: (1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or (2) "if the state court confronts [a set of] facts that are materially indistinguishable from a [decision of the Supreme Court] and [nevertheless] arrives at a result [different from that precedent]." *Williams*, 529 U.S. at 405-06; *see also Bucklew*, 436 F.3d at 1016 (discussing the "contrary to" prong of *Williams*). Further, "the [statutory] phrase 'clearly established Federal law, as determined by the Supreme Court of the United States' . . . refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

An "unreasonable application" of Supreme Court precedent can also arise in one of two ways. The Supreme Court explained:

> First, a state-court decision involves an unreasonable application of [the Supreme Court's] precedent if the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the Supreme Court's] precedent if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

8

*Id.* at 407 (citation omitted). Thus, where a state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case," that decision "certainly would qualify as a decision 'involving an unreasonable application of . . . clearly established federal law.'" *Id.* at 407-08; *see also Rompilla v. Beard*, 545 U.S. 374, 380, 125 S. Ct. 2456, 162 L. Ed. 2d 360 (2005) (citations omitted) (discussing the "unreasonable application" prong of *Williams*); *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003) (citations omitted) (same); *Bucklew*, 436 F.3d at 1016 (citations omitted) (same); *James v. Bowersox*, 187 F.3d 866, 869 (8th Cir. 1999) ("An 'unreasonable application' is one that, 'evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent.' *Long v. Humphrey*, 184 F.3d 758, [760] (8th Cir. 1999)"). Additionally,

> [u]nder [28 U.S.C.] § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas [corpus] court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be *unreasonable*.

*Williams*, 529 U.S. at 411(emphasis added).

Applying these standards to the present case, the court's inquiry must be whether the Iowa courts reached a decision contrary to that reached by the Supreme Court on a question of law, or alternatively, whether the Iowa courts correctly identified the applicable principles of federal law and then unreasonably applied that law to the facts of Hoskins' claims. *See, e.g. Rousan v. Roper*, 436 F.3d 951, 955-56 (8th Cir. 2006) (discussing the applicable standards); *Bucklew*, 436 F.3d at 1016 (same); *Siers*, 259 F.3d at 973 (same).

### B. Standard of Review under 28 U.S.C. § 2254(d)(2)

Federal habeas corpus relief "may be granted on a claim adjudicated in state court if the state court proceeding 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"

9

*Beck v. Bowersox*, 257 F.3d 900, 901 (8th Cir. 2001) (quoting 28 U.S.C. § 2254(d)(2)). The state court findings of fact are presumed to be correct. *Id.* (citing 28 U.S.C. § 2254(e)(1)).[4] The burden is on the petitioner to rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Accordingly, the court's review presumes that the Iowa courts found the facts correctly unless Hoskins rebuts that presumption with clear and convincing evidence. *See id.*; *see also Middleton v. Roper*, 455 F.3d 838, 845 (8th Cir. 2006) ("[The court] bestow[s] a presumption of correctness on the factual findings of the state courts, and absent procedural error, [the court] may set such findings aside only if they are not fairly supported by the record." (quotation and citation omitted)); *Weaver*, 241 F.3d at 1030 ("[O]n habeas [corpus] review, we accord state trial courts broad latitude in determining questions of fact by virtue of the statutory presumption in favor of state court fact-findings . . ."). "It bears repeating that even erroneous fact-finding by the [state] courts will not justify granting a writ if those courts erred 'reasonably.'" *Weaver*, 241 F.3d at 1030.

### C. Exhaustion Requirement

A petitioner, before obtaining federal habeas corpus review of his or her state confinement, must first "exhaust" his or her federal claims in the appropriate state forum. 28 U.S.C. § 2254(b)(1);[5] *see also Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct.

---

[4] 28 U.S.C. § 2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

[5] 28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-

(continued...)

10

2546, 115 L. Ed. 2d 640 (1991) (citations omitted) ("[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."); *Clay v. Norris*, 485 F.3d 1037, 1039 (8th Cir. 2007) (same, quoting *Coleman*). A petitioner has exhausted his or her state remedies when he or she has provided the highest state court with a full and fair opportunity to consider all the claims before presenting them to the federal court. *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S. Ct. 617, 88 L. Ed. 2d 598 (1986); *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Miller v. Lock*, 108 F.3d 868, 871 (8th Cir. 1997); *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993); *McDougald v. Lockhart*, 942 F.2d 508, 510 (8th Cir. 1991); *see also* 28 U.S.C. § 2254(c).[6] In Iowa, exhaustion requires a petitioner to seek discretionary review from the Iowa Supreme Court after the Iowa Court of Appeals rejects an appeal argument. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) (abrogating *Dolny v. Erickson*, 32 F.3d 381 (8th Cir. 1994)); *Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002).

---

[5] (...continued)

    (A) the applicant has exhausted the remedies available in the courts of the State, or

    (B)    (i) there is an absence of available State corrective process; or

        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

[6] 28 U.S.C. § 2254(c) provides:

    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he [or she] has the right under the law of the State to raise, by any available procedure, the question presented.

In order to satisfy the fair presentment component of the exhaustion requirement, a petitioner must: "'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" *Middleton*, 455 F.3d at 855 (quoting *Abdullah v. Groose*, 75 F.3d 408, 412 (8th Cir. 1996)); *see also Ashker*, 5 F.3d at 1179. A claim is not fairly presented to the state courts unless the same factual grounds and legal theories asserted in the applicant's federal habeas corpus application have been properly raised in his or her state court proceedings. *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir. 1995); *Flieger v. Delo*, 16 F.3d 878, 884 (8th Cir. 1994); *see also Harless*, 459 U.S. at 6 ("[T]he habeas petitioner must have 'fairly presented' to the state courts the 'substance' of his [or her] federal habeas corpus claim."); *Picard*, 404 U.S. at 276 (an applicant is required to "present the state courts with the same claim he [or she] urges upon the federal courts."); *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) ("Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement.").

"[The] exhaustion of state remedies requires that petitioners 'fairly present' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam) (quotations omitted; citing *Picard*, 404 U.S. at 275). If a petitioner has not fully presented his or her federal claims in state court, the claims are barred in federal court and must be dismissed, unless the applicant can either show both good cause for his or her failure to present the claims in state court and actual prejudice as a result of the alleged constitutional violation or demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Keithley*, 43 F.3d at 1218; *Maynard v. Lockhart*, 981 F.2d 981, 984 (8th Cir. 1992); *Stanley v. Lockhart*, 941 F.2d 707, 709 (8th Cir. 1991).

12

## V. DISCUSSION

### A. Motion for Evidentiary Hearing and to Expand Record

Hoskins contends that an evidentiary hearing is necessary to develop his ineffective assistance of counsel claim on the second ground of his petition for a writ of habeas corpus. Specifically, Hoskins wants to question his trial counsel regarding trial counsel's reasons for not seeking disclosure of the confidential informant. Additionally, Hoskins requests that the Court interview, *in camera*, the three police officers involved in his case regarding their knowledge of the confidential informant. Respondent argues that Hoskins is not entitled to an evidentiary hearing or expansion of the record because he has not provided the Court with a legitimate basis for disclosure of the confidential informant. Specifically, Respondent asserts that Hoskins is unable to point out anything in the record which casts doubt on the confidential informant's existence or the reliability of his or her information which was provided to the police.

The Court's power to conduct an evidentiary hearing is significantly limited by 28 U.S.C. § 2254(e)(2). *Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir. 2005) (citing *Perry v. Kemna*, 356 F.3d 880, 889 (8th Cir. 2004)). 28 U.S.C. § 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>> (A) the claim relies on--
>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>> (ii) a factual predicate that could not have been previously discovered though the exercise of due diligence; and
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

13

*Id.* Additionally, a request to expand the record must also meet the requirements of 28 U.S.C. § 2254(e)(2). *Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007).

Applying 28 U.S.C. § 2254(e)(2), the Court determines that even if Hoskins was not at fault for failing to develop the facts of his ineffective assistance of counsel claim, as he argues in his motion brief, he cannot meet the requirement of 28 U.S.C. § 2254(e)(2)(B). The Iowa Supreme Court found that the record was sufficient to rule on his ineffective assistance of counsel claim regarding the disclosure of the confidential informant. The Iowa Supreme Court determined that:

> Given the record made in this case, Hoskins' mere allegations that the informant's identity would help ensure a fair hearing on the probable cause issue does not sustain his burden to overcome the principle that the State can withhold the identity of an informant to maintain the information flow essential to law enforcement. The district court had sufficient information to evaluate the reliability of the informant based on the informant's past performance. Additionally, Hoskins has failed to point out any discrepancies between the information provided by the informant and the facts. Hoskins does not dispute that he was in the bar at the time the informant said he was in the bar, nor does he dispute his vehicle was parked at the bar where the informant said it was parked. Finally, the informant's information that Hoskins had crack cocaine in his possession was consistent with the drugs found during the search of Hoskins' vehicle. The disclosure of the identity of the informant under these circumstances would amount to nothing more than a fishing expedition by Hoskins for information that *might* help ensure a fair hearing on the probable cause issue. We have repeatedly declined to authorize such expeditions.
>
> Thus, Hoskins has failed to establish a legal basis that would have required the district court to disclose the identity of the informant. Consequently, Hoskins' ineffective-assistance-of-counsel claim fails on this issue.

14

*Hoskins*, 711 N.W.2d at 730 (internal citations omitted). The determination of a State court on a factual issue, in a proceeding instituted by a petition for a writ of habeas corpus, is presumed to be correct. 28 U.S.C. § 2254(e)(1). Hoskins offers no evidence to rebut the finding of the Iowa Supreme Court. Furthermore, Hoskins presents no facts which "would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). Accordingly, the Court finds that Hoskins motion for evidentiary hearing and to expand record should be denied.

### B. Fourth Amendment--Illegal Search

#### 1. Stone v. Powell

In *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976), the United States Supreme Court concluded that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his [or her] trial." *Id.* at 494. Hoskins argues that *Stone* does not bar his Fourth Amendment claim because he was not given a full and fair opportunity to litigate his claim in the Iowa courts. In his habeas brief, Hoskins focuses his argument on his ineffective assistance of counsel claim regarding his trial counsel's failure to seek disclosure of the confidential witness. Hoskins suggests that information regarding the reliability of the confidential informant is essential to the probable cause element of his Fourth Amendment claim. On direct appeal to the Iowa Supreme Court, Hoskins requested that if the Iowa Supreme Court found the record insufficient for purposes of resolving his ineffective assistance of counsel claim regarding disclosure of the confidential informant, then the issue should be preserved for postconviction relief. [7] The Iowa Supreme Court, however, found the record sufficient and

---

[7] *See* Hoskins' direct appeal brief. The direct appeal brief provides:

(continued...)

Case 6:07-cv-02018-LRR   Document 23   Filed 10/30/07   Page 15 of 26

decided the issue on the merits. The Iowa Supreme Court denied Hoskins' ineffective assistance of counsel claim, and now Hoskins argues that by deciding the issue, the Iowa Supreme Court "completely denied him the opportunity to investigate, and present evidence of the confidential informant in this case."[8]

The Eighth Circuit Court of Appeals has set forth a two-part test for determining whether a habeas petitioner has had a full and fair opportunity to litigate his or her Fourth Amendment claims in a state court. "Under this test, a Fourth Amendment claim is *Stone*-barred, and thus unreviewable by a federal habeas court, unless either the state provided no procedure by which the prisoner could raise his [or her] Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994) (en banc); *Palmer v. Clarke*, 408 F.3d 423, 437 (8th Cir. 2005) (applying the test articulated

--------------------------------------------------------

[7] (...continued)

> The Court can resolve the claim of ineffective assistance of counsel on direct appeal if it finds the record sufficient to do so. . . . In the event the Court determines that additional record should be made on the point, [Hoskins] respectfully requests that the Court preserve the issue for a postconviction relief action pursuant to Iowa Code Chapter 822.

[8] *See* Hoskins' Habeas Brief (docket number 16) at 8. Hoskins also argues that *Willett v. Lockhart*, 37 F.3d 1265 (8th Cir. 1994) (en banc), an Eighth Circuit Court of Appeals decision interpreting *Stone*, provides a standard which is too strict for determining whether a state prisoner has been given a full and fair opportunity to litigate his or her Fourth Amendment claim in a state court proceeding. In his argument against *Willett*, Hoskins relies on decisions from several other Circuit Courts of Appeals with less stringent standards for determining whether a state prisoner has been given a full and fair opportunity to litigate his or her Fourth Amendment claims in state court proceedings. However, Hoskins acknowledges that "[t]his Court, of course, cannot overrule *Willett*. Thus, [Hoskins] will have to pursue this by writ of certiorari to the United States Supreme Court." *See* Hoskins' Habeas Brief at 15. Hoskins also acknowledges in his brief that this Court is bound by *Willett*, but he presents the *Willett* argument to preserve error. Accordingly, the Court will not further address Hoskins' arguments for overruling *Willett*.

in *Willett* for determining whether a state prisoner had a full and fair opportunity to litigate his or her Fourth Amendment claims in state court); *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997) (same); *Poole v. Wood*, 45 F.3d 246, 249 (8th Cir. 1995) (same).

Hoskins does not dispute that Iowa provides a procedure for presenting search and seizure claims under the Fourth Amendment. Hoskins argues, however, that an "unconscionable breakdown" in the system occurred when the Iowa Supreme Court decided the issue of whether his trial attorney provided ineffective assistance of counsel by not seeking disclosure of the confidential informant. Hoskins maintains that the issue should have been preserved for postconviction relief instead of being decided on the merits by the Iowa Supreme Court. In his direct appeal brief to the Iowa Supreme Court, however, Hoskins argued that the Iowa Supreme Court should resolve the issue if it found the record sufficient to make a decision; and if it found the record insufficient to make a decision, then preserve the issue for postconviction relief.

The Iowa Supreme Court determined that the record was sufficient to resolve Hoskins' ineffective assistance of counsel claim and denied it.[9] The Court determines that Hoskins' invitation, in his direct appeal brief, for the Iowa Supreme Court to consider the merits of his ineffective assistance of counsel claim, does not constitute an "unconscionable breakdown" in the system when the Iowa Supreme Court accepts the invitation and decides the issue on the merits. *See Willett*, 37 F.3d at 1273. Furthermore, the record clearly shows that Hoskins took advantage of the opportunity to present his Fourth Amendment claim. After conducting a suppression hearing, the Iowa District Court for Black Hawk County considered his arguments and denied his motion to suppress the evidence. The record demonstrates that the Iowa Supreme Court directly addressed Hoskins' Fourth

---

[9] *See* Hoskins, 711 N.W.2d at 730 ("Given the record made in this case, Hoskins' mere allegations that the informant's identity would help ensure a fair hearing on the probable cause issue does not sustain his burden to overcome the principle that the State can withhold the identity of an informant to maintain the information flow essential to law enforcement.").

Amendment claim and rejected his contentions that the search of his vehicle was improper. *See Hoskins*, 711 N.W.2d at 725-29. Because Hoskins was given a full and fair opportunity to litigate his Fourth Amendment claim in the Iowa courts, the Court determines that his Fourth Amendment claim is *Stone*-barred and he not entitled to relief on this ground.

### 2. *The Merits*

Because the District Court may disagree with the *Stone v. Powell* analysis set forth above, the Court will also address Hoskins' Fourth Amendment argument on the merits. Hoskins argues that because he was stopped by police for running a red light, the police officers who stopped him must not have believed that they had probable cause to stop his vehicle to search for drugs. Hoskins further argues that the confidential informant only provided the police officers with "reasonable suspicion" to investigate him. Hoskins maintains that after he was stopped and no drugs were found on his person, the police officers' search should have ceased. Specifically, Hoskins contends that the confidential informant provided no information regarding drugs being in his vehicle; instead, the confidential informant only indicated that he possessed drugs at the bar and therefore when no drugs were found on his person, there was no probable cause to search his vehicle.

The Iowa Supreme Court analyzed Hoskins' Fourth Amendment challenge and concluded that "under the totality of the circumstances, the [police] officers had probable cause to search Hoskins' vehicle." *Hoskins*, 711 N.W.2d at 729. Specifically, the Iowa Supreme Court found that Hoskins' vehicle was legally stopped for a traffic violation. *See United States v. Cummins*, 920 F.2d 498, 500 (8th Cir. 1990) (a traffic violation, however minor, provides a police officer with probable cause to stop the vehicle); *see also United States v. Grenell*, 148 F.3d 1051, 1053 (8th Cir. 1998) (citing *Whren v. United States*, 517 U.S. 806, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996)) (generally, any ulterior motives which a police officer may have for making a stop are irrelevant when there is probable cause to believe that a traffic violation has occurred).

18

The Iowa Supreme Court next considered whether the police officers had probable cause to search Hoskins' vehicle after it was lawfully stopped. The Iowa Supreme Court determined that the probable cause needed by the police officers to search Hoskins' vehicle "must be based on facts that would justify a magistrate to issue a warrant, even though the officers had not actually obtained a warrant." *Hoskins*, 711 N.W.2d at 726. *See United States v. Ross*, 456 U.S. 798, 809, 102 S. Ct. 2157, 72 L. Ed. 2d 572 (1982) (searches of vehicles supported by probable cause are "not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not actually been obtained."). The Iowa Supreme Court applied this standard to Officer Meyer's reasons for authorizing the search of Hoskins' vehicle. The Iowa Supreme Court concluded that: (1) a reliable informant with a track record of providing information to the police informed Meyer that Hoskins was at a bar with drugs in his possession and his vehicle was parked outside the bar;[10] (2) Meyer corroborated the confidential informant's information regarding Hoskins' vehicle being parked outside the bar;[11] and (3) Meyer had knowledge of Hoskins' prior drug convictions.[12] The Iowa Supreme Court concluded that these facts were "sufficient to establish a fair probability that illegal drugs would be found in Hoskins' possession." *Hoskins*, 711 N.W.2d at 727. Therefore, applying the deferential standard of review set

---

[10] *See United States v. Wright*, 145 F.3d 972, 975 (8th Cir. 1998) ("The reliability of a confidential informant can be established if the person has a history of providing law enforcement officials with truthful information. *See United States v. Williams*, 10 F.3d 590, 593 (8th Cir. 1993).").

[11] *See Williams*, 10 F.3d at 593 ("Information may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of supplying reliable information, or if it is corroborated by independent evidence. *Draper v. United States*, 358 U.S. 307, 313, 79 S. Ct. 329, 3 L. Ed. 2d 327 (1959).").

[12] *See United States v. Ryan*, 293 F.3d 1059, 1062 (8th Cir. 2002) (knowledge of a history of drug convictions is a factor for making a probable cause determination); *see also United States v. Sumpter*, 669 F.2d 1215, 1222 (8th Cir. 1982) ("[A]n individual's prior criminal activities and record have a bearing on the probable cause determination.").

forth in 28 U.S.C. § 2254(d)(1) and *Williams v. Taylor*, 529 U.S. 362 (2000), the Court finds that the Iowa Supreme Court did not unreasonably apply Federal law in finding that the police officers in this case had probable cause to search Hoskins' vehicle after legally stopping it for a traffic violation. Accordingly, Hoskins is not entitled to relief on this ground.

### C. Ineffective Assistance of Counsel

The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial." *Strickland v. Washington*, 466 U.S. 668, 684, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Thus, "the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial." *United States v. Cronic*, 466 U.S. 648, 658, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). A criminal defendant also has the right to the effective assistance of counsel on direct appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 482, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000) (citing *Penson v. Ohio*, 488 U.S. 75, 88-89, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988)); *Rogers v. United States*, 1 F.3d 697, 700 (8th Cir. 1993) ("'A criminal defendant is entitled to effective assistance of counsel on first appeal as of right.' *Estes v. United States*, 883 F.2d 645, 648 (8th Cir. 1989)."). However, "[a]bsent some effect of challenged conduct on the reliability of the . . . process, the Sixth Amendment guarantee is generally not implicated." *Cronic*, 466 U.S. at 658 (citations omitted).

In order to establish a claim of ineffective assistance of counsel, Hoskins must show that (1) the performance of his trial counsel and appellate counsel was constitutionally deficient, which requires a showing that his counsel's performance fell below an objective standard of reasonableness, and (2) the deficiency in his counsel's performance resulted in prejudice to his defense. *Strickland*, 466 U.S. at 687; *see also Wiggins*, 539 U.S. at 521; *Link v. Luebbers*, 469 F.3d 1197, 1202 (8th Cir. 2006); *Winfield v. Roper*, 460 F.3d 1026, 1033 (8th Cir. 2006); *Middleton*, 455 F.3d at 846. If Hoskins makes an insufficient

20

showing on one of the two components, the court is not required to address the other component. *Strickland*, 466 U.S. at 697.

The performance inquiry requires a determination of whether counsel's assistance was "reasonable considering all of the circumstances." *Strickland*, 466 U.S. at 688. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Therefore, a strong presumption exists that counsel's conduct "falls within the wide range of reasonable professional assistance." *Id.*; *see also Link*, 469 F.3d at 1202 (discussing the presumption); *Middleton*, 455 F.3d at 846 (same). Thus, "the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986) (citation omitted).

Under the prejudice prong, Johnson must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *see also Winfield*, 460 F.3d at 1033 (discussing the prejudice prong). "A reasonable probability, is a probability sufficient to undermine confidence in the outcome." *Id.* The court must consider the totality of the evidence when making the prejudice determination. *Strickland*, 466 U.S. at 695.

### 1. Identity of the Confidential Informant

Hoskins argues that his trial counsel provided ineffective assistance because he did not seek the identity of the confidential informant. Hoskins maintains that his trial counsel could have requested an *in camera* review of the confidential informant's past before the Iowa District Court to determine his or her reliability as an informant. Hoskins also argues that his trial counsel could have asked for an *in camera* interview of Officer Meyer before the Iowa District Court in order to learn more about the confidential informant's

relationship with Meyer and the Waterloo Police Department. Hoskins asserts that his trial counsel's failure to seek this information constitutes deficient performance. Hoskins does not explain how he was prejudiced by the performance of his trial counsel. Instead, he reasserts his argument for having an evidentiary hearing and expansion of the record. Hoskins indicates that after an evidentiary hearing and expansion of the record, he may be able to show prejudice.

Hoskins bears the burden of demonstrating the need for disclosure of a confidential witness. *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991). "[T]he court must weigh the defendant's right to information against the government's privilege to withhold the identity of its confidential informants. *Roviaro v. United States*, 353 U.S. 53, 59, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957). 'The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement.'" *Id.* (quoting *Roviaro*, 353 U.S. at 59). "Mere speculation fails to meet this burden." *United States v. Fairchild*, 122 F.3d 605, 609 (8th Cir. 1997) (citation omitted).

The Iowa Supreme Court determined that:

> Given the record made in this case, Hoskins' mere allegations that the informant's identity would help ensure a fair hearing on the probable cause issue does not sustain his burden to overcome the principle that the State can withhold the identity of an informant to maintain the information flow essential to law enforcement. . . . The disclosure of the identity of the informant under these circumstances would amount to nothing more than a fishing expedition by Hoskins for information that *might* help ensure a fair hearing on the probable cause issue. We have repeatedly declined to authorize such expeditions.
>
> Thus, Hoskins has failed to establish a legal basis that would have required the district court to disclose the identity of the informant. Consequently, Hoskins' ineffective-assistance-of-counsel claim fails on this issue.

*Hoskins*, 711 N.W.2d at 730. The Court, applying the deferential standard of review set forth in 28 U.S.C. § 2254(d)(1), finds that the Iowa Supreme Court did not unreasonably

apply *Strickland* when it concluded that Hoskins' trial counsel did not provide deficient assistance. Thus, Hoskins is not entitled to relief on this ground.

### 2. *Judgment of Acquittal*

Hoskins also argues that his trial counsel provided ineffective assistance by failing to adequately move for judgment of acquittal. Hoskins asserts that his trial counsel was deficient because he failed to identify specific deficiencies in the State's case. Hoskins argues that he was prejudiced by his trial counsel's deficient performance because there was not sufficient evidence to prove that he intended to deliver the drugs.

Given Hoskins' claim that insufficient evidence exists to sustain his conviction for possession of cocaine with intent to deliver, the Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (emphasis in original). Findings of fact made by the Iowa courts are presumed to be correct unless Hoskins rebuts the presumption by clear and convincing evidence. *Liggins v. Burger*, 422 F.3d 642, 647 (8th Cir. 2006) (citing 28 U.S.C. § 2254(e)(1) and *Hall v. Luebbers*, 341 F.3d 706, 712 (8th Cir. 2003)). Furthermore, "[a]ll conflicting inferences that arise from the historical facts must be resolved in favor of the prosecution." *Nance v. Norris*, 392 F.3d 284, 290 (8th Cir. 1996) (citing *Jackson*, 443 U.S. at 326).

Based on the evidence, the Iowa Supreme Court concluded that:

> a rational jury could have found Hoskins had the intent to deliver the drugs based on several facts presented at trial. These facts include Hoskins' statements to Meyer the drugs were his, he was not using cocaine, and there was not anything going on that he did not know about as to the drug trade. Additionally, [the Iowa Supreme Court found] support for [its] conclusion in Meyer's testimony that the quantity of drugs, the packaging, and money found on Hoskins were consistent with a person dealing in drugs. . . .

23

> Accordingly, Hoskins has failed to establish his trial counsel
> would have succeeded in raising a specific sufficiency-of-the-
> evidence claim during the motion for judgment of acquittal.
> Consequently, Hoskins' ineffective-assistance-of-counsel claim
> fails on this issue as well.

*Hoskins*, 711 N.W.2d at 731. The Court, applying the deferential standard of review set forth in 28 U.S.C. § 2254(d)(1), finds that the Iowa Supreme Court's determinations regarding the sufficiency of the evidence are not unreasonable, *Williams*, 529 U.S. at 411, and that the record evidence, when viewed in the light most favorable to the prosecution, is sufficient to sustain Hoskins' conviction. The Court further finds that the Iowa Supreme Court did not unreasonably apply *Strickland* when it concluded that Hoskins' trial counsel did not provide ineffective assistance by not raising a specific sufficiency of the evidence claim during the motion for judgment of acquittal. Therefore, Hoskins is not entitled to relief on this ground.

## VI. *CERTIFICATE OF APPEALABILITY*

In a habeas proceeding before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and FED. R. APP. P. 22(b). *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may only issue if an applicant has made a substantial showing of the denial of a constitutional right. *See Miller-El*, 537 U.S. at 335-36; *Winfield*, 460 F.3d at 1040 (8th Cir. 2006); *Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006); *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further

24

proceedings. *Winfield*, 460 F.3d at 1040; *Cox*, 133 F.3d at 569 (citation omitted); *see also Tennard v. Dretke*, 542 U.S. 274, 276, 124 S. Ct. 2562, 159 L. Ed. 2d (2004) (reiterating standard); *Miller-El*, 537 U.S. at 335-36 (same).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward:  the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)).  When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [applicant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the Court finds that Hoskins failed to make the requisite "substantial showing" with respect to the claims that he raised in his application pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).  Because there is no debatable question as to the resolution of this case, an appeal is not warranted.  Accordingly, the Court recommends that a certificate of appealability pursuant to 28 U.S.C. § 2253 not be granted.

## VII. CONCLUSION

Hoskins' motion for evidentiary hearing and to expand the record does not meet the requirements set forth in 28 U.S.C. § 2254(e)(2)(B) for such a hearing or expansion of the record; and therefore, the Court recommends that his motion should be denied. Furthermore, Hoskins is not entitled to relief pursuant to 28 U.S.C. § 2254.  The Iowa courts' adjudication of Hoskins' claims neither resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law, nor resulted in

25

a decision based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, the Court recommends that Johnson's application for a writ of habeas corpus be denied. The Court also recommends that a certificate of appealability be denied.

## VIII. RECOMMENDATION

For the reasons set forth above, I respectfully recommend that the District Court **DENY** Hoskins' Motion for Evidentiary Hearing and to Expand the Record (docket number 17); **DENY** Hoskins' petition for a writ of habeas corpus (docket number 2); and **DENY** a certificate of appealability.

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1)(B), that within ten (10) days after being served with a copy of these proposed findings and recommendations, any party may serve and file written objections with the District Court.

DATED this 30th day of October, 2007.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA

26