# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| WALTER JUNIOR HOSKINS, III, <br><br> Petitioner, <br><br> vs. <br><br> CORNELL SMITH, Warden of Fort Dodge Correctional Facility of Iowa's Department of Corrections, <br><br> Respondent. | No. 07-CV-2018-LRR <br><br> **ORDER** |

_____

## *I. INTRODUCTION*

The matters before the court are Petitioner Walter Junior Hoskins, III's Motion for Evidentiary Hearing and to Expand the Record ("Motion") (docket no. 17) and United States Magistrate Judge Jon Stuart Scoles's Report and Recommendation (docket no. 23).

On August 6, 2007, Petitioner filed his Motion. On October 30, 2007, Judge Scoles filed the Report and Recommendation. Such Report and Recommendation addressed Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition") (docket no. 2), as well as the Motion and Petitioner's request for a certificate of appealability. On November 13, 2007, Petitioner filed seven Objections (docket no. 24) to the Report and Recommendation.

## *II. STANDARD OF REVIEW*

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. . . .

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) (requiring de novo review of a magistrate judge's recommendation on dispositive motions and prisoner petitions). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a de novo review of a magistrate judge's report where such review is required. *See, e.g., United States v. Lothridge*, 324 F.3d 599, 601 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). However, the plain language of the statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Therefore, portions of the proposed findings or recommendations to which no objections were filed are reviewed only for "plain error." *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed).

### III. ANALYSIS

A review of the record leads the court to conclude that Petitioner's Objections are without merit. It is appropriate to deny the Motion due to the limits set forth in 28 U.S.C. § 2254(e)(2) for conducting an evidentiary hearing. *See Smith v. Bowersox*, 311 F.3d 915, 921 (8th Cir. 2002) (discussing constraints on district court's discretion to hold an evidentiary hearing); *Hall v. Luebbers*, 296 F.3d 685, 700 (8th Cir. 2002) (discussing standard for conducting an evidentiary hearing under 28 U.S.C. § 2254(e)(2)); *Kinder v. Bowersox*, 272 F.3d 532, 542 (8th Cir. 2001) (finding it was proper for district court not to hold an evidentiary hearing because the petitioner did not meet the requirements of 28 U.S.C. § 2254(e)(2)); *Parker v. Kemna*, 260 F.3d 852, 854 (8th Cir. 2001) (same); *Hatcher v. Hopkins*, 256 F.3d 761, 764 (8th Cir. 2001) (same); *cf. Johnston v. Luebbers*, 288 F.3d 1048, 1058-60 (8th Cir. 2002) (assuming that 28 U.S.C. § 2254(e)(2) did not bar the district court from granting an evidentiary hearing and denying the petitioner an

evidentiary hearing because such a hearing would not assist in the resolution of his claim). Moreover, it is appropriate to deny the Petition because the Iowa courts neither reached a decision contrary to that reached by the United States Supreme Court on a question of law nor correctly identified the applicable principles of federal law but then unreasonably applied that law to the facts of Petitioner's claims. 28 U.S.C. § 2254(d)(1); *see also Newman v. Hopkins*, 247 F.3d 848, 850-52 (8th Cir. 2001) (discussing *Williams v. Taylor*, 529 U.S. 362 (2000)). And, the Iowa court's decision was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(2). Specifically, the Iowa courts' decisions were not contrary to and did not involve an unreasonable application of the case law regarding the Fourth Amendment or the Sixth Amendment. With respect to the alleged unconstitutional search, *Stone v. Powell*, 482 U.S. 465 (1976), prevents the court from granting habeas relief because the State provided an opportunity for full and fair litigation of the Fourth Amendment claim, and the Iowa courts correctly applied federal law when they addressed the merits of the Fourth Amendment claim. Concerning ineffective assistance of counsel, the Iowa courts correctly applied *Strickland v. Washington*, 466 U.S. 668 (1984), when they addressed the confidential informant issue and the judgment of acquittal issue. The claims raised in the Petition do not warrant relief under 28 U.S.C. § 2254(d). *See Williams v. Taylor*, 529 U.S. 362 (2000). Finally, the court concludes that there is no reason to grant a certificate of appealability. 28 U.S.C. § 2253.

## IV. CONCLUSION

In light of the foregoing and based upon its review of Judge Scoles's Report and Recommendation, the court concludes that there is no ground to reject or modify his findings and conclusions. Therefore, the court shall deny the Motion and adopt Judge Scoles's Report and Recommendation.

**IT IS HEREBY ORDERED:**

(1) Petitioner's Objections (docket no. 24) are **OVERRULED**.

(2) The Motion (docket no. 17) is **DENIED**.

(3) The Petition (docket no. 2) is **DENIED**.

(4) Judge Scoles's Report and Recommendation (docket no. 23) is **ADOPTED**.

(5) For the reasons stated in the Report and Recommendation, a certificate of appealability is also **DENIED**. Having thoroughly reviewed the record in this case, the court finds that Petitioner failed to make the requisite "substantial showing" with respect to the claims he raises in his Petition. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present questions of substance for appellate review, there is no reason to grant a certificate of appealability. If he desires further review of his Petition, Petitioner may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals, in accordance with *Tiedeman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED.**

**DATED** this 18th day of December, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA